**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0299-21

CHENG HUI XIE and CHUN
RONG ZHU, his wife,

    Plaintiffs-Appellants,

v.

VIOLA TILE AND MARBLE LLC
d/b/a VIOLA TILE & REMODELING,
SALVATORE VIOLA, GASPARE
VIOLA, and STONE KING PLAZA LLC,

    Defendants.

_____

MASSACHUSETTS BAY INSURANCE
COMPANY,

    Plaintiff-Respondent,

v.

STONE KING PLAZA LLC,

    Defendant-Appellant.

_____

Argued November 15, 2021 – Decided December 16, 2021

Before Judges Sabatino, Mayer and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0805-20.

Christina Vassiliou Harvey argued the cause for appellants Cheng Hui Xie and Chun Rong Zhu (Lomurro, Munson, Comer, Brown & Schottland LLC, attorneys; Richard Galex, of counsel; Christina Vassiliou Harvey, of counsel and on the brief).

Liwu Hong argued the cause for appellant Stone King Plaza LLC. (Liwu Hong, attorney, joins in the brief of appellants Cheng Hui Xie and Chun Rong Zhu).

Kenneth E. Sharperson argued the cause for respondent Massachusetts Bay Insurance Company (Weber Gallagher Simpson Stapleton Fires & Newby LLP, attorneys; Kenneth E. Sharperson, of counsel and on the brief).

PER CURIAM

This matter returns to us by way of a September 20, 2021 order from the New Jersey Supreme Court granting leave to appeal and remanding to review the legal issues on the merits. After hearing counsel's arguments, we reverse and remand to the trial court.

A-0299-21

The facts are undisputed. On December 2, 2019, plaintiff Cheng Hui Xie[1] suffered an injury while working at Stone King USA, Inc. (SK USA). SK USA sold custom kitchen and bathroom cabinets and countertops. Defendant Viola Tile & Marble, LLC (Viola) removed a kitchen wall unit from SK USA. However, Viola's representative left a part of the unit, a large stone countertop, hanging from a wall in SK USA's store. The countertop was supported solely by a ladder and some pieces of wood. Plaintiff, believing the stone piece presented a danger to customers in SK USA's showroom, attempted to secure the countertop. In the process, the countertop fell on plaintiff's head, causing him to suffer serious and debilitating injuries and leaving him permanently disabled.

SK USA rented space from defendant Stone King Plaza LLC (SK Plaza). SK Plaza owned a strip mall, consisting of several different stores, located in Middlesex Borough. Various family members held interests in SK Plaza. Plaintiff's brother, Tommy Xie, held a sixty percent interest as a member of SK Plaza. He also was the managing member of SK Plaza. Plaintiff, an investor in SK Plaza, held a twenty percent interest as a member of SK Plaza. Another

---

[1] Chun Rong Zhu is plaintiff's wife and asserted a per quod claim based on her husband's injuries. We use the term plaintiff to refer to Cheng Hui Xie.

A-0299-21

family member held the remaining twenty percent interest in SK Plaza. On the day of the accident, plaintiff was not working or performing services for SK Plaza. Plaintiff did not receive compensation from SK Plaza.

At the time of the accident, plaintiff worked for SK USA. Based on his status as an employee of SK USA and his significant injuries, plaintiff filed a petition for workers' compensation benefits. He eventually received compensation benefits from SK USA.

Plaintiff also filed a personal injury action against Viola and others. On May 11, 2020, plaintiff amended the complaint to add SK Plaza as a defendant.

Tommy Xie purchased liability insurance from Massachusetts Bay Insurance Company (MBIC) for SK USA and SK Plaza. Under the policy, SK USA is a named insured and SK Plaza is an additional named insured. SK Plaza requested MBIC defend and indemnify it against plaintiff's personal injury claim.

While investigating plaintiff's claim, MBIC learned SK USA and SK Plaza were owned by the same individuals. Based on this information, MBIC sent a reservation of rights letter, informing SK Plaza that plaintiff "would be considered a Who is An Insured under the policy" and thus coverage would be denied under the policy's Workers' Compensation and Employer's Liability

4

exclusions. MBIC subsequently filed a declaratory judgment action seeking a judicial determination that it had no duty to defend or indemnify SK Plaza in plaintiff's personal injury action.[2]

After brief discovery, MBIC moved for summary judgment, arguing the Workers' Compensation and Employer's Liability exclusions in its policy precluded coverage. In granting the motion, the judge found SK Plaza and SK USA were named insureds under MBIC's policy, plaintiff was an employee of SK USA, and plaintiff was a part owner of both SK USA and SK Plaza. As a member of SK Plaza, the judge determined plaintiff met the definition of an "insured" and the Employer's Liability exclusion applied. Based on these findings, the judge held MBIC had no duty to defend or indemnify SK Plaza against plaintiff's claim.[3] The judge attached a written statement of reasons to his January 20, 2021 order.

---

[2]  In an October 16, 2020 order, plaintiff's personal injury action and MBIC's declaratory judgment action were consolidated.

[3]  Because the motion judge found the Employer's Liability exclusion in MBIC's policy applied, he did not determine whether the Worker's Compensation exclusion also applied.

Plaintiff moved for reconsideration, which was denied by a different judge.[4] Plaintiff filed a motion for leave to appeal the orders granting summary judgment and denying reconsideration. On May 20, 2021, this court denied plaintiff's motion for leave to appeal.

Plaintiff then appealed to the New Jersey Supreme Court. On September 20, 2021, the Court granted plaintiff's motion for leave to appeal and summarily remanded the matter to this court to consider the trial court's orders on the merits. Xie v. Viola Tile & Marble, LLC, 248 N.J. 393 (2021). The Court also granted SK Plaza's motion for leave to appeal. Xie v. Viola Tile & Marble, LLC, 248 N.J. 402 (2021).

We review a trial judge's decision on a motion for summary judgment de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The parties agree there are no genuine issues of material fact precluding our review of the issue on the merits.

---

[4] The original motion judge died unexpectedly in February 2021.

A-0299-21

The issue presented is purely legal, involving the contractual interpretation of MBIC's insurance policy issued to SK USA and SK Plaza. We review a purely legal issue de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995); see also Pickett v. Moore's Lounge, 464 N.J. Super. 549, 554-55 (App. Div. 2020) (citing Abboud v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 450 N.J. Super. 400, 406 (App. Div. 2017)).

When interpreting insurance contract provisions, we look to the plain meaning of the contractual language. Oxford Realty Grp. Cedar v. Travelers Excess & Surplus Lines Co., 229 N.J. 196, 207 (2017). "If the language is clear, that is the end of the inquiry." Ibid. (quoting Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am., 195 N.J. 231, 238 (2008)). A court should not "engage in a strained construction to support the imposition of liability" or write a more beneficial policy for the insured. Progressive Cas. Ins. Co. v. Hurley, 166 N.J. 260, 273 (2001).

The fact that parties offer conflicting interpretations of a policy's contractual provisions does not render the policy language ambiguous. Fed. Ins. Co. v. Campbell Soup Co., 381 N.J. Super. 190, 195 (App. Div. 2005) (citing Powell v. Alemaz, Inc., 335 N.J. Super. 33, 44 (App. Div. 2000)). "A genuine ambiguity arises only when 'the phrasing of the policy is so confusing that the

A-0299-21

average policy holder cannot make out the boundaries of coverage.'" Ibid. (quoting Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 247 (1979)).

With these legal principles in mind, we summarize the relevant provisions in MBIC's policy. The "Who is An Insured" clause provides an entity is insured if "designated in the Declarations as . . . [a] limited liability company." Members of the limited liability company are also insureds "but only with respect to the conduct of [the limited liability company's] business."

The policy requires MBIC to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. [MBIC] will have the right and duty to defend the insured against any 'suit' seeking those damages." MBIC invoked two policy provisions in denying defense and indemnification to SK Plaza for plaintiff's bodily injury claim – the Workers' Compensation exclusion and the Employer's Liability exclusion.

As a member and employee of SK Plaza, MBIC argued plaintiff's claim against SK Plaza was barred by the Workers' Compensation Act (WCA), N.J.S.A. 34:15-1 to -146. During oral argument, MBIC appeared to abandon its argument based on the Workers' Compensation exclusion.

A-0299-21

Even if MBIC intended to press its position under this exclusion, we reject that argument based on the definitions section of the WCA. Under N.J.S.A. 34:15-36,

> members of a limited liability company . . . who actively perform services on behalf of the . . . limited liability company . . . shall be deemed an 'employee' of the . . . limited liability company . . . for purposes of receipt of benefits and payment of premiums pursuant to this chapter, if the . . . limited liability company . . . elects, when the workers' compensation policy of the . . . limited liability company . . . is purchased or renewed, to obtain coverage for the . . . limited liability company members.

There is no evidence on this record that (1) plaintiff actively performed any services for SK Plaza on the day of the accident and (2) SK Plaza elected to purchase workers' compensation insurance for its members.

MBIC also cited information posted on the Department of Labor and Workforce Development website, arguing SK Plaza was required to maintain workers' compensation insurance and failed to do so. However, information posted on a website, untethered to supporting statutory or regulatory authority within an agency's rulemaking powers, lacks the force of law. See In re N.J.A.C. 7:1B-1.1, 431 N.J. Super. 100, 133 (App. Div. 2013) (stating an agency's website, explaining processes for granting a waiver of the agency's rules that differs from the governing statute, was "beyond merely facilitating

9

administrative implementation of the rules . . . and actually, to some extent, announc[ing] new substantive requirements").

Having concluded the Workers' Compensation exclusion is inapplicable, we consider whether the judge erred in determining MBIC had no duty to defend and indemnify SK Plaza against plaintiff's personal injury claim under the Employer's Liability exclusion. This provision excludes coverage for "[b]odily injury to [a]n 'employee' of the insured arising out of and in the course of: (a) [e]mployment by the insured; or (b) [p]erforming duties related to the conduct of the insured's business."

MBIC claims that because plaintiff is an employee of SK Plaza, SK Plaza is not entitled to coverage. Under the policy, MBIC correctly asserts a limited liability company, and its members, are an insured. However, the coverage exclusion in MBIC's policy is triggered if injured party is an employee of the limited liability company and "only with respect to the conduct of [the limited liability company's] business." MBIC offered no evidence plaintiff was an employee of SK Plaza or conducting business on behalf of SK Plaza at the time of his injury.

MBIC contends a member of a limited liability company is a de facto employee of the limited liability company. Because plaintiff was a member of

SK Plaza, MBIC argues plaintiff was an employee of SK Plaza.  We reject this argument as unsupported by MBIC's own definition of the term "employee" in its policy.

MBIC's policy clearly and simply defines the term "employee" as including "a 'leased worker'" but excluding "a 'temporary worker.'"  Nowhere in MBIC's policy is a member of a limited liability company defined as an "employee."  If MBIC intended to include a member of the limited liability company as an insured, MBIC could, and should, have expressly so stated in defining the term "employee."

Nor do the cases relied upon by MBIC support its claim that every member of a limited liability company is also an employee of the limited liability company as a matter of law.  Members of limited liability companies often provide purely investment capital or other form of financial support and never actually perform any work on behalf of the company.

Based on our review of the record, there is no evidence supporting the application of the Employer's Liability exclusion under MBIC's policy. Plaintiff was not an employee of SK Plaza, and the record is devoid of any facts demonstrating plaintiff was "[p]erforming duties related to the conduct of [SK

11

Plaza]'s business" at the time of his injury to invoke the Employer's Liability exclusion.

Any remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0299-21